IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. |
| ALVIN BAILEY, JR., | : | 3:02-cr-12 (HL) |
| Defendant. | : | |

# ORDER

Before the Court is a letter (Doc. 116) from the Defendant, which the Court construes as a motion to reduce sentence for good behavior. The Defendant's motion is denied.

"[T]he Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citation omitted); United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988) (explaining the Bureau of Prisons is responsible for applying appropriate good time credit).

A district court has limited authority through statute to modify a sentence. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Title 18 U.S.C. § 3582(b) provides that a district court may modify sentence only if one of three circumstances is satisfied. None of these circumstances are present in the Defendant's case.

The Defendant must exhaust his administrative remedies with the Bureau of

Prisons. See Rey v. Warden, FCC Coleman-Low, 359 Fed. App'x 88, 90-91 (11th Cir. 2009) (affirming dismissal of good conduct claim because the prisoner failed to exhaust his administrative remedies with the Bureau of Prisons). If the Defendant is dissatisfied, then he may challenge the Bureau of Prisons' determinations by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 ("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission.") (citation omitted).

Habeas corpus § 2241 petitions must name the warden of the facility where the prisoner is held as the defendant and the petition must be filed in the district where the prisoner is confined. Barden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds in what is alleged to be unlawful custody."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section § 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated).

The Defendant has not exhausted his remedies. Therefore, his motion (Doc. 116) is denied. After exhausting his administrative remedies, he may file a habeas corpus petition in the U.S. District Court for the District of South Carolina naming the warden of his facility as the defendant.

**SO ORDERED**, this the 27th day of July, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc